### EDWARD W. CLARK v. THE CITY OF CLEVELAND.

RIGHT OF ACTION FOR VALUE OF APPROPRIATED LANDS CONVEYED AFTER CONDITIONAL JUDGMENT IS IN THE VENDEE.

> After conditional judgment in favor of the plaintiff in error under 66 O. L., sec. 537, p. 240 (R. S., 2260), in appropriation proceedings against the city of Cleveland, he conveyed the lands in fee simple. Thereafter and after the expiration of the six months pro-

vided for in that statute, and without any new appropriation contract, city took possession of the land, but did not pay therefor.

*Held*, The right of the vendor to receive the damages under the conditional judgment had ended, and the right of action for damages for the taking of the land accrued to the vendee.

BALDWIN, J. (orally).

This case is before us on a petition in error by the plaintiff below to reverse the judgment of the court of common pleas. The plaintiff alleges that in the year 1872 the city of Cleveland brought an appropriation proceeding against him, to appropriate a parcel of land from his property for frontage on Superior street; that the jury returned a verdict in favor of the city, and the judgment was rendered by the probate court in the sum of $190.41; that afterwards the city of Cleveland took possession of that land under this appropriation proceeding, but that they have never paid the money as required by said judgment. The case was heard upon an agreed statement of facts, and it is said that the statement of facts is so different from the case set forth in the petition that it is not proper for us to consider the facts; that the agreed statement of facts found that the proceedings in appropriation were by the village of East Cleveland instead of by the city of Cleveland. If it has been found that judgment should be rendered upon the agreed statement of facts against the city of Cleveland, it would seem to be a fair case for the application of section 5114 in amending the pleadings to correspond with the agreed facts. We shall proceed to consider the case upon the facts.

The village of East Cleveland August 12, 1872, passed an ordinance to widen Superior street from Willson avenue to the city limits, and to make it 80 feet wide.

In pursuance of this ordinance the village of East Cleveland began appropriation proceedings in probate court against the plaintiff and others. On the thirtieth of October, 1872, the jury in said case awarded to plaintiff, for land sought to be taken in said proceeding, the sum of $190.41 damages, and on the thirteenth day of October, 1872, an additional order was made by the court in said case as follows: "Thereupon the court ordered that inasmuch as said village of East Cleveland has been annexed to the city of Cleveland, the said city of Cleveland pay into court for the benefit of said several defendants, the sums so severally assessed to them by the jury, and that the said city of Cleveland make said payments or deposits on or before the thirtieth day of April, 1873, and that upon the payment or deposit of several sums the city of Cleveland is hereby authorized to take possession of the premises for the uses and purposes for which the same is by these proceedings appropriated. Ordered further, that the said city of Cleveland pay the costs of these proceedings to be taxed. The defendant, the city of Cleveland, was not a party to said proceeding, and the city of Cleveland is nowhere named in said record, except in said conditional order. That on the nineteenth day of December, 1872, and before the city had taken possession of the ten-foot strip described in plaintiff's petition for the appropriation of which the said award was made to the plaintiff by warranty deed, for the consideration of $12,000.00, the plaintiff conveyed the land sought to be appropriated, together with other land, to one Mercy J. Phillips in fee simple; that the defendant, the city of Cleveland, some time prior to August 5, 1873 (it does not appear when or how), acquired the property of the village of East Cleveland, among which property so acquired was the volume containing its ordinances, on page 342 of which is found the ordinance of August 12, 1872, which is the ordinance pursuant to which the appropriation proceeding was had, and also among which property so acquired is the appropriation map prepared by said village in connection with said proceeding; that on August 5, 1873, an ordinance was passed by the city of Cleveland to improve Superior street from Willson avenue to the city limits, and that on September 9, 1873, an ordinance was also passed by the city of Cleveland to curb and grade Superior street from Willson

avenue to the city limits, and that in the improvement of said streets pursuant to said ordinances, and long subsequent to the passage thereof, the city took possession of the land which was sought to be appropriated in said appropriation proceeding.

This appropriation proceeding was under a law to be found in 66 O. L., 240, section 537, now R. S., 2260: "Whenever a municipal corporation shall make an appropriation of land for any purpose specified in this chapter, and shall fail to pay for or take possession of the same within six months after the assessment of compensation shall have been made, as above provided, the right of such corporation to make such appropriation on the terms of the assessment so made, shall cease and determine; and any land so appropriated shall be relieved from all incumbrance on account of the proceeding in such case or the resolution of the council making the appropriation; and the judgment or order of the court directing such assessment to be paid, shall cease to be of any effect, except as to the costs adjudged against the corporation."

It is to be noted that the city of Cleveland did not get under that order of appropriation—supposing it to be well founded in other respects—any more than six months. Clark, in the meantime, conveyed said land to Mercy J. Phillips by warranty deed; when he made that conveyance, that was subject to the right of the city, to take possession of that land. But the statute provides that at the end of six months that right shall "cease and determine, and any land so appropriated shall be relieved from all incumbrance on account of the proceedings in such case, or the resolution of the council making the appropriation."

It is our opinion that at the end of that six months all right of Clark—if he had any after making that warranty deed to Mercy J. Phillips—ceased, and that if the city, under this appropriation or in any other way, without having acquired in some manner the right to deed, should take possession and use that land after the six months had expired, then the city of Cleveland was bound to pay Mercy J. Phillips therefor. It cannot be that this vendor, who had parted with his title, had a right, after that judgment in his favor had ceased to be any incumbrance on the land, or could, even by agreement or collusion with the city of Cleveland, so revive the proceeding and judgment that it should be a claim in his favor rather than in favor of Mercy J. Phillips. We are cited to *Toledo* v. *Groll*, 1 Circ. Dec., 441. The syllabus is as follows: Where a municipal corporation appropriated property for use of street, and caused damages to be assessed, but omitted to pay same within the time fixed by statute, and some years after took possession of the land without further judicial proceedings, but intended to proceed under said appropriation proceedings and caused the street to be improved for the use of the public: *Held*, That the property owner had an election to sue for the amount awarded him by the jury in the former appropriation proceedings— or to have the damages assessed him at the time the street was finally opened." We think that was good law. The property owner had the election at the time of the city taking possession, to determine how he would sue for the amount awarded him. We do not think that a *former* owner of that land, who had *parted* with that land by a warranty deed in fee simple, had the right to make such election and require payment by the city to him for that land of which he had long ceased to be the owner. We are therefore of the opinion that when, after the six months expired, the city took possession of that ten feet, the right to recover for that was in Mercy J. Phillips, and not in Clark. The decision of the court of common pleas is affirmed.

*Lee & Tilden*, for Plaintiff in Error.

**Lawrence, Estep, Weh & Henry**, for Defendant in Error.